Merug BAZIKYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71417.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander Markman, Esq., Law Office of Alexander Markman, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, John C. Cunningham, Esq., San Francisco, CA, John S. Hogan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM **

Merug Bazikyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have Jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that the mistreatment Bazikyan suffered was not on account of a protected ground. Bazikyan presented no evidence that the unidentified driver of the vehicle who allegedly ran him over knew of Bazikyan's Iranian heritage. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997). Likewise, Bazikyan failed to establish that the men who allegedly beat him and forced him to provide free auto repairs did so on account of a protected ground. *Id.* Thus, the record does not compel the conclusion that Bazikyan demonstrated a nexus between the claimed persecution and a protected ground. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir.2000).

Further, substantial evidence supports the agency's conclusion that Bazikyan does not possess a well-founded fear of future persecution because similarly situated family members remain unmolested in Armenia. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Bazikyan waived his withholding and CAT claims by failing to raise them in the opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996). Bazikyan waived his challenge to the interpreter's services by failing to provide argument in the opening brief. *Id.* (issues raised in a brief that are not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.